STATE v. DANA CANTY.

209 N. W. 2d 916.

July 20, 1973—No. 43366.

C. Paul Jones, State Public Defender, and C. L. Snoeyenbos, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, Curtis D. Forslund, Solicitor General, and Kenneth E. Raschke, Jr., Special Assistant Attorney General, for respondent.

Considered by Knutson, C. J., and Peterson, Todd, and Gillespie, JJ.

PER CURIAM.

Defendant, Dana Canty, convicted by a district court of three counts of aggravated robbery, Minn. St. 609.245, appeals from the judgment of conviction. We affirm.

Defendant's conviction was based on substantially the same evidence as set forth in our opinion in State v. Seelye, 297 Minn. 478, 209 N. W. 2d 918 (1973). Defendant, Seelye, and one John Lindquist were similarly charged under the circumstances related in the Seelye opinion. Defendant raises the following issues on appeal: (1) Did the arrest, search, and seizure of defendant violate his constitutional rights? (2) Did the fact that defendant was compelled to reproduce a footprint which would later be introduced at trial violate his constitutional rights against self-incrimination? (3) Was there sufficient evidence to find defendant guilty beyond a reasonable doubt? (4) Was defendant denied a fair trial when (a) the footprint was introduced into testimony, (b) a threat had been made to one of the state's witnesses in regard to her testimony, and (c) defendant's father had been accused of soliciting false testimony from a witness?

Issues (1), (2), (3), and (4)(a) are adequately disposed of in our opinion in the Seelye case and that case is determinative of these issues in this case.

With respect to the claim that the witness had been questioned by the prosecution regarding a threat made to her, only two questions were asked over objection of defense counsel, at which time the trial court, after considering the matter in chambers, sustained the objection and instructed the jury to ignore the last question. Technically, the court should have instructed the jury to ignore both questions, but, taken as a whole, it is clear that the jury was instructed to ignore this line of testimony, and no prejudice resulted to defendant.

The introduction of evidence establishing that defendant's father had solicited false testimony did not deny defendant a fair trial. The father testified in behalf of his son and sought to establish an alibi for him, and the testimony regarding the father's alleged subornation of perjury was proper impeachment by the prosecutor. Defendant argues that it was an attempt by the prosecution to visit the sins of the father on the son. An objective analysis of the record shows that the purpose of the cross-examination was to reflect the bias of the father.

For the reasons set forth herein and for the reasons stated in our opinion in Seelye, the conviction of defendant is affirmed.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members

of this court at the time of submission, took no part in the consideration or decision of this case.